[Cite as *Blumenauer v. Martino*, 2020-Ohio-259.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| KELLY BLUMENAUER | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019 AP 08 0025 |
| DINO ANTHONY MARTINO | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Civil appeal from the Tuscarawas County Court of Common Pleas, Juvenile Division, Case No. 2013 CC 00286


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     January 27, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MICHAEL JOHNSON                      JOSEPH TRIPODI
117 South Broadway                       114 East High Avenue
P.O. Box 1007                              New Philadelphia, OH 44663
New Philadelphia, OH 44663

*Gwin, J.,*

{¶1}    Father appeals the July 15, 2019 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, overruling his objections to the magistrate's decision and modifying the shared parenting plan.

*Facts & Procedural History*

{¶2}    On November 20, 2013, appellee Kelly Blumenauer ("Mother") filed a complaint for custody against Dino Martino ("Father"), with regard to their minor child, I.M., who was born on February 27, 2011.

{¶3}    The trial court issued a judgment entry on March 3, 2014, adopting the shared parenting plan submitted by the parties and finding shared parenting is in the best interest of the child.  Pursuant to the shared parenting plan, Father had visitation with I.M. beginning on Wednesdays at 3:00 p.m. through Saturdays at 3:00 p.m. and Mother had visitation with I.M. beginning on Saturdays at 3:00 p.m. through Wednesday at 3:00 p.m.

{¶4}    Mother filed a motion to modify visitation on January 25, 2019, seeking to adopt the court's new shared parenting plan and requesting that each parent exercise complete alternate weekends.  The magistrate held a hearing on March 18, 2019 on the motion to modify shared parenting plan with regard to the visitation schedule.

{¶5}    Mother testified that since 2014, I.M. has resided with her four days per week and with Father three days per week.  Mother seeks to modify the visitation portion of the shared parenting plan so that each parent would have a full weekend to be able to spend with I.M.  Currently, Mother does not get any full weekends with I.M.  Mother is a respiratory therapist at a hospital, working every other weekend.  With the modified schedule, Mother would have I.M. on the weekends she is off.  Mother stated this

proposed plan does not deprive Father of time with I.M., but gives him more time with her. Mother believes the modification is in the best interest of I.M. because it gives I.M. more time with all of them, including her two siblings, as a family. They could do things on the weekends and have more consistent time together. I.M. is autistic and is doing well in school. Mother does not believe a switch in schedule would impact I.M. negatively, as I.M. gets along well with both parents and adjusts well to going back and forth to each home. Mother testified she has had problems getting telephone calls with I.M. every day when she is with Father.

{¶6} On cross-examination, Mother testified she believes Father can change his work schedule to accommodate the modified visitation schedule. Mother did not talk to Father about the modification because Father does not like to talk to her and it is very hard to try to discuss or change things with Father, as he does not want to change any visitation dates. Mother has asked Father several times if I.M. could come on Friday to see her sister play in the band, but Father refused to change the visitation schedule.

{¶7} Father testified they have been using the current visitation plan for five years and he has never used a baby-sitter. Father's days off are Wednesdays and Thursdays. Father stated he cannot get every other weekend off from work because he is a manager at a restaurant. As to phone calls from Mother, Father testified Mother sometimes calls when he and I.M. are at the movies. Father is current on child support and provides insurance for I.M. Father and I.M. have a great time together. Father denied that Mother ever asked to have I.M. on Friday nights and stated his conversations with Mother generally turn to arguments. Father believes changing the schedule would be disruptive to I.M.

{¶8}   Father stated the schedule that is currently in place is the one that should be used because I.M. has no issues, so it should not be changed.  Father has to plan vacations and things on his time, so Mother should plan her vacations and things on her time.  If Father is required to have I.M. on weekends and he has to work, he would have to get something arranged with one of his older daughters for child care.

{¶9}   The magistrate issued a decision on May 14, 2019.  The magistrate found that while the parties have substantially followed the shared parenting plan for the past five years, many things have changed since that time and will continue to change as I.M., age three when the shared parenting plan was adopted and age seven now, grows.  The magistrate noted that Mother is requesting the trial court adopt its new standard schedule of companionship, giving each parent equal time, and allowing I.M. to share some weekends and weekend activities with her old siblings.  Father is opposed to any change.

{¶10}  The magistrate found that it is time for a change and it is in I.M.'s best interest to enhance her life experience in each home and I.M. should benefit from participation in each household's activities.  The magistrate further found the lack of communication between Mother and Father does not make right of first refusal for daycare practical.  Thus, the magistrate modified the shared parenting plan as follows: deleted the right of first refusal concerning daycare in the shared parenting plan and ordered companionship time shall be pursuant to the court's standard order, with Mother designated as Parent 1 and Father designated as Parent 2.  Thus, Father would have visitation with I.M. beginning on Tuesday night at 6:00 p.m. until Thursday at 6:00 p.m. every other week and Tuesday night at 6:00 p.m. until Sunday at 6:00 p.m. the other weeks of the month.

{¶11} Father filed objections to the magistrate's decision on May 23, 2019 and supplemental objections on July 10, 2019. Father argued the magistrate abused her discretion in modifying the shared parenting plan and in finding it was time for a change when the status quo was working for I.M.

{¶12} The trial court held a hearing on Father's objections on July 15, 2019. The trial court overruled Father's objections and approved and adopted the magistrate's decision.

{¶13} Father appeals the July 15, 2019 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, and assigns the following as error:

{¶14} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, DINO MARTINO, WHEN IT OVERRULED THE OBJECTIONS TO THE MAGISTRATE'S DECISION DENYING HIM THE STATUTORY PREFERENCES SET FORTH IN O.R.C. 3109.051(A),(B).

{¶15} "II. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION WHICH FOUND THE "NEW PARENTING SCHEDULE," WHICH FINDING STATED "WOULD GIVE EACH PARENT EQUAL TIME."

{¶16} In this case, the trial court modified the allocation of parenting time. "The allocation of parenting time is a 'term' of a shared parenting plan." *Kovach v. Lewis*, 5th Dist. Ashland No. 11-COA-018, 2012-Ohio-1512, quoting *Bishop v. Bishop*, 4th Dist. Washington No. 08CA44, 2009-Ohio-4537. Pursuant to R.C. 3109.04(E)(2)(b), the court may modify the terms of the shared parenting plan if the modifications are in the best interest of the child. *Id.*

{¶17}  R.C. 3109.04(F), which sets forth the factors a trial court must consider in determining the best interest of the child, provides:

In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to:

(a)     The wishes of the child's parents regarding the child's care;

(b)     If the court has interviewed the child in chambers * * * the wishes and concerns of the child, as expressed to the court;

(c)     The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d)     The child's adjustment to the child's home, school, and community;

(e)     The mental and physical health of all persons involved in the situation;

(f)     The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g)     Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h)     Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child;

(i)      Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j)      Whether either parent has established a residence, or is planning to establish a residence, outside this state.

{¶18} A trial court enjoys broad discretion in custody proceedings. *Cossin v. Holley*, 5th Dist. Morrow No. 2006 CA 0014, 2007-Ohio-5258, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997). This Court reviews the merits of a trial court's modification of the terms of a shared parenting plan through R.C. 3109.04(E)(2)(b) under an abuse of discretion standard. *Kovach v. Lewis*, 5th Dist. Ashland No. 11-COA-018, 2012-Ohio-1512. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶19} Furthermore, as an appellate court reviewing evidence in custody matters, we do not function as fact finders; we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Dinger v. Dinger*, 5th Dist. Stark No. 2001 CA 00039, 2001-Ohio-1386. The trial court is "best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proferred testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). Deferential review in a child custody determination is especially crucial "when there may be much evidence by

the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997).

I.

{¶20}  In his first assignment of error, Father argues the trial court committed error in giving deference to Mother's employment schedule but not Father's, as the court was required to consider both parents' employment schedule.  Father also contends the trial court's modification denies Father frequent and continuing contact with the child.

{¶21}  We disagree with appellant.  We first note that the statute cited by appellant with regards to consideration of each parent's employment schedule is applicable "if the court has not issued a shared parenting decree."  R.C. 3109.051.  Further, even under this section, each parent's employment schedule is only one factor the court should consider in establishing parenting time.  While the magistrate and trial court recognized Father may have to employ a baby-sitter for the hours he works during his weekend with I.M., the trial court also weighed the balance of the best interest factors and found the modification is in the best interest of I.M.  A review of the magistrate's order and trial court's judgment shows the trial court considered Father's argument and the other best interest factors in determining whether to modify the shared parenting plan.

{¶22}  Additionally, we find the trial court's modification does not deny Father frequent and continuing contact with I.M.  Under the modified parenting time schedule, Father will have parenting time with I.M. frequently as he will have parenting time multiple days every week, and continuously, as the schedule of seeing her several days per week and every other full week-end repeats each month.

{¶23}  Father's first assignment of error is overruled.

II.

{¶24}   In his second assignment of error, Father contends the modified parenting time schedule does not give equal time to each parent because Father is working during some of his parenting time and, as such, the trial court abused its discretion in granting the modification of parenting time.

{¶25}   As detailed above, the trial court may modify the terms of a shared parenting plan if the modification is in the best interest of the child.  Upon our review, we find no abuse of discretion in the trial court's determination that the modification is in the best interest of I.M.  The magistrate and trial court considered the facts of the case and arguments of the parties in reaching the conclusion that a modification would be in the best interest of I.M.  As noted by the magistrate, the parenting time schedule was agreed to by the parties when I.M. was three years old and she is now seven years old.  Pursuant to the modified parenting schedule, I.M. can spend time with each family for an entire weekend.  Simply because Father may be working during some of his parenting time does not mean the modified schedule is not in the best interest of I.M., as this is just one factor in the overall determination of whether the modification is in the child's best interest.  See *Kovach v. Lewis*, 5th Dist. Ashland No. 11-COA-018, 2012-Ohio-1512 (overruling Mother's argument that the trial court erred when it modified the shared parenting plan without taking into consideration the parties' work schedules).

{¶26}   Father's second assignment of error is overruled.

{¶27}   Based on the foregoing, Father's assignments of error are overruled.

{¶28} The July 15, 2019 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.


By Gwin, J.,

Hoffman, P.J., and

Wise, J., concur